IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MELISSA E. DANJCZEK,

    Plaintiff

v.                                                    Civil Action No. 3:15CV505

ANTHONY G. SPENCER, et al.,

    Defendants.

**MEMORANDUM IN SUPPORT OF ANTHONY
G. SPENCER'S RULE 12(b)(6) MOTION TO DISMISS**

COMES NOW Anthony G. Spencer ("Spencer"), by counsel, and states the following in support of his motion to dismiss:

**I.     Factual Background**

This matter arises out of an incident that occurred in the Caroline County General District Court on May 5, 2015. Compl. ¶ 13. At that time, Anthony G. Spencer ("Spencer") was the Commonwealth's Attorney for Caroline County, a position he had held since January 1, 2008. Compl. ¶ 7. The Plaintiff, Melissa E. Danjczek (the "Plaintiff"), was a criminal defense attorney in Caroline County.  *Id.* ¶ 4. During a trial in the general district court in which the Plaintiff represented an individual charged with driving under the influence, Spencer noticed that the Plaintiff was using a "DUI manual" as part of her defense of the case. *Id.* ¶ 15. Believing the manual to be property belonging to the Commonwealth's Attorney's office, Spencer demanded that the Plaintiff return the manual to him. *Id.* ¶ 16 and Exs. 2-3.[1]  The Complaint alleges that Spencer then grabbed the manual from the Plaintiff and "used his forearm to shove" the Plaintiff,

---

[1] *See Phillips v. Lci Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) (holding that a court may consider exhibits attached to the Complaint when ruling on a motion to dismiss under Rule 12(b)(6).

1

causing her to drop her papers and books. *Id.* ¶ 17. The Plaintiff requested that the judge cite Spencer for contempt, and the judge ordered Spencer to give the DUI manual to the court, which he did. *Id.* The judge then returned the DUI manual to the Plaintiff and the court went in recess. *Id.* ¶ 17.

Later the same day, Spencer swore out a criminal complaint for petit larceny at the Caroline County Magistrate's Office. *Id.* ¶ 19. In the Criminal Complaint, Spencer stated that the Plaintiff had access to the DUI manual during her employment at the Commonwealth's Attorney's office and took the item without permission when she left employment there. *Id.* Ex. 3. Spencer stated in the Criminal Complaint that he discovered that the manual was in the Plaintiff's possession that day. *Id.* The same day, the magistrate issued the arrest warrant. *Id.* Ex. 8. The Plaintiff was served with the warrant and the matter was set for trial on June 30, 2015. *Id.* ¶ 24. Several news outlets, both television and print, reported on the charges against the Plaintiff. *Id.* ¶¶ 26, 46, 48.

Following the service of the warrant on the plaintiff and her request that a special prosecutor be appointed for any cases in which she was defense counsel, the Caroline County Circuit Court granted the Plaintiff's motion. *Id.* ¶ 27. The court also appointed the Henrico County Commonwealth's Attorney's Office as special prosecutor for the prosecution of the Plaintiff for petit larceny. *Id.* ¶ 29.

Several days after the courtroom incident, John Mahoney ("Mahoney"), a candidate for Caroline County Commonwealth Attorney, contacted the Plaintiff regarding his race against Spencer.[2] *Id.* ¶ 28. Mahoney again contacted the Plaintiff on May 22, 2015, in an attempt to broker peace between Spencer and the Plaintiff. *Id.* ¶¶ 30-31. In a conversation with the Plaintiff,

---

[2] After Spencer decided not to seek re-election, Mahoney remained as the only candidate for the position of Caroline County Commonwealth Attorney. *Id.* ¶¶ 9, 12.

Mahoney indicated that he had spoken with Spencer, who agreed to drop the petit larceny charge against the Plaintiff if she agreed to not pursue civil charges or a criminal investigation against him for the courtroom incident. *Id.* ¶ 31. In several subsequent conversations, Mahoney continued to attempt to broker conciliation between Spencer and the Plaintiff. *Id.* ¶¶ 31-40.

On June 10, 2015, an officer with the Caroline County Sherriff's Office, Sergeant Nutter, called the Plaintiff "at the behest of Mahoney." *Id.* ¶ 40. Sergeant Nutter recounted a conversation he had had with Spencer in Spencer's office. *Id.* No one else was present. *Id.* According to Sergeant Nutter, Spencer stated that he was willing to admit fault with regard to the courtroom incident and "bury all the information he ha[d] on [the Plaintiff]" if the Plaintiff "called off" the investigation of Spencer for the courtroom incident and not file any civil lawsuits against him. *Id.* Sergeant Nutter stated that Spencer "would be making allegations to tarnish [the Plaintiff's] reputation if the drama continues." *Id.* Sergeant Nutter also told the Plaintiff that he was calling the Plaintiff because Mahoney told him to. *Id.* The Plaintiff does not allege that Spencer instructed Sergeant Nutter to communicate with the Plaintiff or otherwise intended the details of his conversation with Sergeant Nutter to reach the Plaintiff. The Complaint is also silent as to any communication between Spencer and the Plaintiff after the courtroom incident.

On June 30, 2015, the petit larceny case against the plaintiff was dismissed.

## II. Argument

### a. Standard of Review

When considering a Rule 12(b)(6) motion to dismiss, the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint, however, must state "more than labels and conclusions[;] a formulaic recitation of the elements of a cause

3

of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com,* 591 F.3d 250, 255 (4th Cir. 2009) ("[E]lements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint must allege sufficient facts to establish plausible grounds upon which the claim rests, and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Twombly*, 550 U.S. at 557. The court may consider exhibits attached to the Complaint. *Phillips v. Lci Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

> **b. The Plaintiff's § 1983 claim for false arrest rests on the erroneous conclusion that Spencer lacked probable cause because the Plaintiff's theft was time-barred**

The Plaintiff claims that she was falsely arrested and wrongfully seized in violation of her rights under 42 U.S.C. § 1983. Compl. ¶¶ 54-60. A false arrest claim cannot be maintained when the defendant has been arrested pursuant to a valid arrest warrant. *Dorn v. Town of Prosperity*, 375 Fed. Appx. 284, 288 (4th Cir. 2010). "[T]o sustain a claim of false arrest under § 1983, the plaintiff must prove that his freedom of movement was intentionally restricted *without legal justification*." *Grasty v. City of Roanoke*, 2010 U.S. Dist. LEXIS 82763 (W.D. Va. 2010) (citing *Montgomery Ward & Co. v. Wickline*, 50 S.E.2d 387, 388-89 (Va. 1948), and *Street v. Surdyka*, 492 F.2d 368, 372-73 (4th Cir. 1974)). The Plaintiff's contention that she was falsely arrested rests on the contention that the prosecution for her theft of the DUI manual was time-barred

4

pursuant to Va. Code Ann. § 19.2-8. *Id.* ¶ 55. This singular fact, if proven, fails as a matter of law to negate probable cause for her arrest.

### i. Spencer's criminal complaint alleging that the Plaintiff stole the DUI Manual was founded upon probable cause

"Probable cause for an arrest warrant exists when the facts reasonably show that an offense has been committed and that the person to be arrested has committed it." *Bruette v. Montgomery Cnty.*, 70 Fed. App'x 88, 95 (4th Cir. 2003). Probable cause is an objective standard, and whether it existed in this case depends on the application of "objective standards of conduct," rather than Spencer's subjective state of mind. *United States v. Galloway*, 274 Fed. App'x 241, 246 (4th Cir. 2008). "Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Sennet v. United States*, 667 F.3d 531, 535 (4th Cir. 2012). In addition, "it is irrelevant to the probable cause analysis what crime a suspect is eventually charged with, or whether a person is acquitted of the crime for which she . . . was arrested." *Id.* at 535-36.

According to the Complaint and the witness statements attached thereto, Spencer began questioning the Plaintiff about the DUI Manual upon seeing her use it in court. Compl. ¶ 15 and Exs. 1-4, 6-8. According to one witness, Spencer asked where the Plaintiff "got that manual." *Id.* Ex. 6. Spencer told another officer at that time that "he was going to demand his property be returned." *Id.* Ex. 7. That same day, Spencer stated in the Criminal Complaint that the Plaintiff had access to the manual when she worked in the Commonwealth's Attorney's office and took the manual with her, without permission, when she left her employment there. *Id.* Ex. 3. "I discovered today that she has it," Spencer wrote. *Id.* On that basis, the magistrate issued the arrest warrant. *See Hicks v. Commonwealth*, 281 Va. 353, 360 (2011) (holding that a magistrate's determination that probable cause exists is entitled to "great deference"). The Plaintiff's

allegations, therefore, reasonably show that she committed petit larceny. *See* Code § 18.2-96 (defining petit larceny); *Bright v. Commonwealth*, 4 Va. App. 248, 251 (1987) ("Larceny is the wrongful taking of the goods of another without the owner's consent and with the intention to permanently deprive the owner of possession of the goods an offense has been committed and that the person to be arrested has committed it.").

The Plaintiff contends that the prosecution for her theft of the DUI Manual was time-barred pursuant to Va. Code Ann. § 19.2-8, and that Spencer lacked probable cause due to the presence of this defense. This contention lacks merit. The statute of limitations for petit larceny has no bearing on whether Spencer had probable cause. *See* Code § 19.2-8 (statute of limitation for petit larceny is five years). It is axiomatic that the statute of limitations is an affirmative defense that must be asserted by a criminal defendant or it is waived. *See United States v. Matzkin*, 14 F.3d 1014, 1017 (4th Cir. 1994); *Locklear v. Commonwealth*, 46 Va. App. 488, 498 (2005) (holding that the "alleged violation" of Code § 19.2-8 did not "deprive[] the trial judge of jurisdiction to try and convict" the defendant). The limitations period is not jurisdictional. *Matzkin*, 14 F.3d at 1017; *Brooks v. Peyton*, 210 Va. 318, 322 (1969) ("[T]he right to a discharge under a statute, which provides that if a person is not tried within the specified time he shall be discharged, is not absolute in the sense that a mere lapse of time ousts the court of jurisdiction.") Whether or not the statute had run, therefore, does not affect the validity of the criminal proceedings instituted against the Plaintiff.

Moreover, because the statute only relates to the subsequent prosecution, it has no bearing on whether Spencer had probable cause in the first instance to believe the Plaintiff had committed a crime. Just as an officer need not "possess the gift of prophecy" in making the probable cause determination, *Keeter v. Commonwealth*, 222 Va. 134, 141 (1981), neither must

Spencer anticipate potential defenses that may be advanced by the Plaintiff in opposing a subsequent prosecution. Moreover, it is established law in Virginia that larceny is a continuing offense. *E.g., Thompson v. Commonwealth*, 10 Va. App. 117, 120, 390 S.E.2d 198, 200 (1990). Accordingly, transportation of stolen goods by the accused, by itself, establishes probable cause for the offense of larceny. *Id.* Here the larceny of the DUI Manual is continuing so long as Danjczek possesses the manual without permission, and Spencer need not affix the date of the offense or even establish that Danjczek was the person who physically removed the DUI Manual from the Commonwealth's Attorney's Office so long as she remains in possession of the stolen property. *See id.*

The Plaintiff also asserts, in a conclusory fashion, that, "Spencer knew that there was absolutely no indicia of evidence that the DUI manual . . . was ever the property of Spencer or his office." Compl. ¶ 11. The Plaintiff has come forward with no connective facts establishing that Spencer was on notice that the DUI Manual was not stolen. Indeed, the Plaintiff does not even deny that the DUI Manual was not stolen. She cannot, on the strength of this conclusory allegation alone, overcome the uncontradicted facts appearing in the Spencer criminal complaint, as corroborated by numerous witnesses, establishing that the DUI Manual was removed from the Commonwealth's Attorney's Office without permission. Compl. Exs. 1-7.

### i. The Complaint establishes that Spencer is entitled to qualified immunity as a matter of law

Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The doctrine protects officers from "bad guesses in gray areas" and ensures that they are liable only "for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992). Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages when

7

"their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In conducting a qualified immunity inquiry, the Court engages in a two-prong analysis. The first task is to identify the specific right that the plaintiff asserts was infringed by the challenged conduct. *See Taylor v. Waters,* 81 F.3d 429, 433 (4th Cir. 1996). The Court then asks whether the facts, viewed in the light most favorable to the plaintiff, demonstrate a violation of that right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). If the facts demonstrate a violation of the plaintiff's right, then the Court must consider whether, at the time of the claimed violation, the right alleged to be violated was clearly established. An officer should prevail on an assertion of qualified immunity "if a reasonable officer possessing the same information *could have believed* that his conduct was lawful." *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (emphasis added).

To the extent Spencer violated the Plaintiff's right to be free from arrest because the expiration of the statute of limitations eliminated any probable cause he may have had, that violation was not "clearly established." Simply put, no Virginia court has held probable cause is vitiated where the offense of arrest is subject to a statute of limitations defense. In fact, the opposite is true, as outlined above. Thus, Spencer reasonably "could have believed" that his conduct in seeking a warrant against the Plaintiff was lawful, regardless of whether the statute of limitations had expired. *See Slattery*, 939 F.2d at 216.

### c. The Plaintiff fails to state a cause of action for defamation

In Count Five of her Complaint, the Plaintiff alleges defamation on the part of Spencer. Compl. ¶¶ 85-92. "Under Virginia law, the necessary elements of the tort of defamation are (1)

8

publication about the plaintiff, (2) an actionable statement, and (3) the requisite intent." *Chapin v. Greve*, 787 F. Supp. 557, 562 (E.D. Va. 1992); *Jordan v. Kollman*, 269 Va. 569, 575 (2005).

In support of her defamation claim, the Plaintiff states that the news of the criminal charges against her were reported or televised by multiple media outlets, which has harmed her reputation. Compl. ¶¶ 87-90. The Plaintiff fails to make any allegation of a statement by Spencer, much less an actionable one. The "statements" on which the Plaintiff bases her defamation claim are the news reports themselves, not any statement of Spencer's. The Plaintiff does not identify any statement of Spencer's in the news reports and does not contend that any of Spencer's statements identified elsewhere in the Complaint are defamatory. The Plaintiff cannot base a defamation claim against Spencer on the reporting of the fact of the petit larceny charge against her. The Plaintiff, therefore, has failed to plead a foundational element of her defamation claim and the claim should be dismissed.

### d. The Plaintiff fails to state a cause of action for abuse of process

To state a viable cause of action for abuse of process, "'a plaintiff must plead and prove: (1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings.'" *Mayo v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 485, 498 (E.D. Va. 2014) (quoting *Donohoe Constr. Co. v. Mt. Vernon Assocs.*, 235 Va. 531, 539 (1988)). Under Virginia law, "'abuse of process lies for the improper use of process after it has been issued'"; the "'distinctive nature'" of the tort is "'in the perversion of regularly-issued process to accomplish some purpose for which the procedure was not intended.'" *Id.* (quoting *Donohoe Constr.*, 235 Va. at 539-40). The cause of action does not lie for "maliciously causing process to issue." *Glidewell v. Murray-Lacy & Co.*, 124 Va. 563, 569 (1919).

> A legitimate use of process to its authorized conclusion, even when carried out with bad intention, is not a malicious abuse of that process. Process is

> maliciously abused when it is used oppressively, *e.g.*, as a whip to force the payment of an alleged indebtedness, or as a means of extortion.

*Donohoe Constr.*, 235 Va. at 540 (internal quotation marks omitted). "[T]he gravamen of extortion is wrongfully obtaining a benefit through coercion." *Strohecker v. Commonwealth*, 23 Va. App. 242, 257 (1996) (defining extortion as "[t]o gain by wrongful methods; to obtain in an unlawful manner[.] To exact something wrongfully by threats or putting in fear.").

The Plaintiff alleges that Spencer maliciously and "personally initiated a criminal prosecution" against her with the "ulterior motive" of "extort[ing] her into not pursuing charges for assault and battery against him." Compl. ¶ 94. Abuse of process does not lie, however, for a malicious issuance or initiation of process, but rather for abuse that occurs "after it has been issued." *Mayo*, 30 F. Supp. 3d at 489; *Glidewell*, 124 Va. at 569. Therefore, a malicious or improper motive underlying Spencer's initiation of proceedings against the Plaintiff does not allege abuse of process.

The Plaintiff also alleges that "[a]fter obtaining the warrant, Spencer began threatening to release information that would damage [her] reputation in the community if she would not agree to settle the matter in a manner favorable to Spencer." Compl. ¶ 95. Nowhere in her Complaint, however, does the Plaintiff state such facts. According to the Complaint, Mahoney called her with "an offer" regarding her petit larceny charge. Mahoney stated that Spencer "had agreed to drop the charges against" the Plaintiff if the Plaintiff dropped charges against him for assault and battery. Compl. ¶ 31. Mahoney also told the Plaintiff that "the community now had a negative opinion" of the Plaintiff and that she should "make all of this go away." *Id.* Mahoney, according to the Plaintiff, characterized the offer as a proposal from Spencer. *Id.* At the outset, these allegations do not justify the Plaintiff's statement that Spencer threatened to harm Plaintiff's reputation if she did not agree. Compl. ¶ 95. Moreover, Spencer's alleged offer to settle the two

10

disputes is not "an act in the use of the process not proper in the regular prosecution of the proceedings.'" *Mayo*, 30 F. Supp. 3d at 498 (internal quotation marks omitted). There is nothing "reprehensible or unlawful" in seeking a "voluntary compromise of a criminal prosecution," *see Glidewell*, 124 Va. at 573-74, and Spencer's offer to settle was not an attempt to "wrongfully obtain[] a benefit through coercion." *Strohecker*, 23 Va. App. at 257 (defining extortion).

The Plaintiff also recounts a conversation she had with Sergeant Nutter ("Sgt. Nutter"), an officer with the Caroline County Sheriff's Office, after Sgt. Nutter spoke with Spencer. *See* Compl. ¶ 40. According to the Plaintiff, Sgt. Nutter called "at the behest of Mahoney" and "Mahoney had asked him to call" the Plaintiff. *Id.* In his conversation with the Plaintiff, which Sgt. Nutter states occurred in Spencer's office with no one else present, Sgt. Nutter stated that Spencer was "going to use everything he had on" the Plaintiff and that Spencer "would be making allegations to tarnish [the Plaintiff's] reputation if the drama continue[d]." *Id.* Because the Plaintiff does not allege that Sgt. Nutter was calling on behalf of or as an agent of Spencer, and in fact affirmatively states that Sgt. Nutter called at the direction of Mahoney, these facts do not support a finding that Spencer was abusing the criminal prosecution for an improper purpose. Telling Sgt. Nutter in a private conversation that he would harm the Plaintiff's reputation if she did not settle the case was not a use of the criminal process at all, much less one intended "to accomplish some purpose for which the procedure was not intended." *Mayo*, 30 F. Supp. 3d at 498.

### e. The Plaintiff fails to state a valid cause of action for malicious prosecution

The Plaintiff alleges that Spencer committed malicious prosecution in violation of Virginia common law by personally instituting her prosecution for petit larceny without probable cause. "Actions for malicious prosecution arising from criminal . . . proceedings have been

11

sustained in Virginia but are not favored." *Ayyildiz v. Kidd*, 220 Va. 1080, 1082 (1980). "[T]he requirements for maintaining such actions are more stringent that those applied to other tort cases to ensure that criminal prosecutions are brought in appropriate cases without fear of reprisal by civil actions." *Lewis v. Kei*, 281 Va. 715, 723 (2011). The elements of a cause of action for malicious prosecution are: "that the prosecution was (1) malicious; (2) instituted by or with the cooperation of the defendant; (3) without probable cause; and (4) terminated in a manner not unfavorable to the plaintiff." *Id.* The Plaintiff has failed to allege the first and third elements.

> i. **The Plaintiff's allegations do not support a finding that Spencer lacked probable cause to initiate the Plaintiff's prosecution**

Because malice may be inferred from lack of probable cause, "it is appropriate to begin by considering" whether the Plaintiff's allegations support a finding that Spencer lacked probable cause to initiate her prosecution for petit larceny. *Reilly v. Shepherd*, 273 Va. 728, 733 (2007). In the context of malicious prosecution, probable cause is "knowledge of such a state of facts and circumstances as excite the belief in a reasonable mind, acting on such facts and circumstances, that the plaintiff is guilty of the crime of which he is suspected." *Commissary Concepts Mngmt. Corp. v. Mziguir*, 267 Va. 586, 589-90 (2004). Whether probable cause existed is "determined as of the time when the complained of action was taken." *Id.*

The Plaintiff's allegations fail to establish that Spencer instituted the prosecution without probable cause. Rather, as explained *supra*, at Part II(b), the Complaint affirmatively establishes that Spencer had probable cause to believe that the Plaintiff had taken the DUI Manual without permission from the Commonwealth Attorney's office. He was, therefore, legally justified in seeking the petit larceny charge against the Plaintiff. The Plaintiff's statement in her Complaint that Spencer "lacked probable cause for a number of reasons" is a legal conclusion, not a statement of fact, and is not accepted as true for purposes of this motion. *Nemet Chevrolet*, 591

F.3d at 255; *see* Compl. ¶ 99. As part of her § 1983 claim, the Plaintiff alleges that Spencer lacked probable cause because she had possessed the DUI manual since 2009 and "the statute of limitation alone was a complete bar to the prosecution." Compl. ¶ 55. These allegations are irrelevant to the malicious prosecution analysis for the same reasons they have no bearing on the Plaintiff's § 1983 claim.

### ii.   The Plaintiff's allegations do not support a finding that Spencer acted with malice

Moreover, the Plaintiff's allegations do not support a finding of actual malice. "In the context of a malicious prosecution action, malice is defined as any *controlling* motive other than a good faith desire to further the ends of justice, enforce obedience to the criminal laws, suppress crime, or see that the guilty are punished." *Hudson v. Lanier*, 255 Va. 330, 333 (1998).

> The malice which is an essential element of an action for a malicious criminal prosecution is actual malice, or malice in fact, as distinguished from imputed malice, that is, malice imputed by law. It must exist in fact, and its existence must be proven as any other fact. It may be established by an inference drawn from the facts and circumstances proved, where they warrant such an inference, but it is never presumed or imputed by law.

*Freezer v. Miller*, 163 Va. 180, 176 S.E. 159, 168 (1934).

Nothing in the Plaintiff's Complaint supports a finding that Spencer acted with actual malice with respect to the initiation of the prosecution against her. As Spencer stated in the Criminal Complaint, he believed that the Plaintiff took an item that belonged to the Commonwealth Attorney's office without permission. The Plaintiff has come forward with no factual allegations that undermine or contradict the Spencer criminal complaint, and as corroborated by the numerous witness statements. Compl. Exs. 1-7. These facts, as alleged by the Plaintiff and contained in her Complaint, establish that Spencer acted with "a good faith

desire to further the ends of justice [and] enforce obedience to the criminal laws." *Hudson*, 255 Va. at 333.

### f. The Commonwealth's Attorney is entitled to Absolute Immunity

At all times relevant hereto, Spencer was the Commonwealth's Attorney for Caroline County. (Compl. at ¶7.) Spencer is entitled to absolute immunity as it relates to the malicious prosecution, defamation and abuse of process counts of the Complaint.

The Supreme Court of the United States has recognized the defense of absolute immunity for a prosecutor in his role as an advocate for the State. See *Imbler v. Pachtman*, 424 U.S. 409, 431 (1975). The Court held that a prosecutor enjoys absolute immunity from suit for "initiating and in presenting the state's case." *Id.* at 431. The Court explained:

> A prosecutor is duty bound to exercise his best judgment both in his deciding with suits to bring and in conducting them in court. The public trusts that the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages. Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted in to the ascription of improper and malicious actions to the state's advocate.

*Id.* at 424-25.

The Fourth Circuit has reaffirmed that a prosecutor is entitled to absolute immunity for claims that rest on her decisions regarding "whether and when to prosecute". *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996).

In the matter of *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997), an action was brought under 42 U.S.C. § 1983 against the Maryland Assistant State's Attorney Alexandra Williams, arguing that her advice to a police officer to initiate prosecution against the plaintiff led to a violation of his Fourth Amendment rights. The plaintiff contended that since a police officer and not the prosecuting attorney (Williams) actually filed the criminal charges, Williams

was not protected by absolute immunity. "He argued that *Imbler* did not apply, because Williams did not actually initiate a prosecution, but rather instructed another do so." *Id*. at 213. The Fourth Circuit rejected the plaintiff's reading of *Imbler*, and reversed the District Court holding that Williams was entitled to immunity from suit. The court stated, "[I]t is difficult to imagine conduct more intimately related to the judicial process than a prosecutor's decision to proceed with a prosecution. The fact that in this case a police officer implemented the prosecutor's decision does nothing to change this conclusion." *Id*.

In the instant case, the Complaint states in paragraph 8 that "any actions of Spencer alleged in this complaint were taken under color of state law using the powers of his position as Caroline County's Commonwealth's Attorney." (Compl. at ¶8.) The plaintiff's own words fall squarely within the Supreme Court and Fourth Circuit decisions providing absolute immunity to a prosecutor "in initiating" the state's case.

The plaintiff asserts that Spencer was acting with malice and ill-will in commencing the prosecution of the plaintiff. (Compl. At ¶93-102.) Even so, the courts have held that improper motive or state of mind is irrelevant to the absolute immunity entitlement. *Keeper v. Davis*, 209 U.S. Dist. LEXIS 69310 (2009). See *Bernard v. Cty. of Suffolk*, 356 F.3d 594, 505 (2nd Cir. 2004); *Leshmueli v. City of New York*, 424 F.3d, 231 (2nd Cir. 2005). Hence, plaintiff's allegations of conspiracy, ill motive and retaliation by Spencer are irrelevant when conducting his duties as a prosecutor in furtherance of his "commenc[ing] a prosecution" against Danjczek. Spencer's actions, therefore, in commencing a prosecution are protected by the doctrine of absolute immunity. All counts arising out of the initiating of criminal charges against the plaintiff should be dismissed.

g. **The Plaintiff fails to state a valid cause of action for attempted extortion and conspiracy to extort**

Spencer adopts and incorporates the arguments set forth in Mahoney's Motion to Dismiss and Memorandum in Support (collectively "Mahoney's Motion") with respect to the Plaintiff's extortion and conspiracy counts. As explained in Mahoney's Motion, no Virginia court has ever recognized a civil cause of action for extortion. *Andrews v. Wolcott Rivers Gates*, 2014 U.S. Dist. LEXIS 91184 (E.D. Va. 2014) ("[I]t has been clearly established by Virginia courts that there is no civil cause of action for extortion in Virginia."). The Plaintiff attempts to rely on Code § 18.2-59, but fails to cite any authority for reading this criminal statute as creating a private right of action. Compl. ¶ 79.

Because extortion does not exist in Virginia as a civil cause of action, neither does conspiracy to extort, as alleged in Count Four of the Complaint. "A civil conspiracy is a combination of two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, resulting in damage to the plaintiff." *Glass v. Glass*, 228 Va. 39, 47 (1984).

> [A] common law claim of civil conspiracy generally requires proof that the underlying tort was committed. This is so because [t]he gist of the civil action of conspiracy is the damage caused by the acts committed in pursuance of the formed conspiracy and not the mere combination of two or more persons to accomplish an unlawful purpose or use unlawful means. Thus, where there is no actionable claim for the underlying alleged wrong, there can be no action for civil conspiracy based on that wrong.

*Firestone v. Wiley*, 485 F. Supp. 2d 694 (E.D. Va. 2007) (internal quotation marks and citations omitted). Therefore, the Plaintiff has also failed to state a valid cause of action in Count Four. For the reasons explained in Mahoney's Motion, the Plaintiff has also failed to allege facts supporting an inference that Mahoney and Spencer "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." *Ruttenberg v. Jones*, 283 F.

16

App'x 121, 132 (4th Cir. 2008); *see* Mahoney's Memo. in Support of Mot. to Dismiss, Sep. 9, 2015, at 7-8. At most, the Plaintiff's allegations suggest that Mahoney relayed Spencer's settlement offer to her, rather than together decided to accomplish a settlement. *See* Compl. ¶ 31 (citing "the agreement proposed by Spencer via Mahoney").

### h. The Plaintiff fails to state a valid cause of action for intentional infliction of emotional distress

Spencer adopts and incorporates the arguments set forth in Mahoney's Motion with regard to the Plaintiff's claim for intentional infliction of emotional distress. As Mahoney notes, a claim for intentional infliction of emotional distress is not favored in Virginia and only lies when "the distress inflicted is so severe that no reasonable person could be expected to endure it." *Harris v. Kreutzer*, 271 Va. 188, 203-04 (2006); *Russo v. White*, 241 Va. 23, 27 (1991). The Plaintiff's allegation that she suffered severe distress is a conclusory allegation not supported by any facts pled.

### III. Conclusion

For the foregoing reasons, Spencer requests that the Court dismiss Counts One Three, Four, Five, Six, and Seven of the Plaintiff's Complaint with prejudice.

> Respectfully submitted,
> ANTHONY G. SPENCER
>
> By: _____/s/_____
>                  Counsel

William W. Tunner, Esq. (VSB No. 38358)
John P. O'Herron, Esq. (VSB No. 79357)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, VA  23219-4140
Phone: (804) 649-7545
Fax: (804) 780-1813
wtunner@t-mlaw.com
joherron@t-mlaw.com
*Counsel for Defendant, Anthony G. Spencer*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2015, a true and accurate copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

Vincent L. Robertson , Sr.
Vincent L. Robertson Sr. Esq. PLC
1705 East Main Street
Richmond, VA 23223
804-308-3261
Fax: 804-918-0301
Email: vincent.robertson@4vlaw.com
*Counsel for the Plaintiff, Melissa E. Danjczek*

William Delaney Bayliss
Brendan David O'Toole
Williams Mullen (Richmond)
200 South 10th Street
16th Floor
PO Box 1320
Richmond, VA 23218
804-420-6588
Fax: 804-420-6507
Email: bbayliss@williamsmullen.com
Email: botoole@williamsmullen.com
*Counsel for Defendant, John Mahoney*

        __/s/_____
        William W. Tunner, Esq. (VSB #38358)
        John P. O'Herron, Esq. (VSB #79357)
        *Thompson*McMullan, P.C.
        100 Shockoe Slip
        Richmond, VA  23219-4140
        Phone: (804) 649-7545
        Fax: (804) 780-1813
        wtunner@t-mlaw.com
        joherron@t-mlaw.com
        *Counsel for Anthony G. Spencer*